NOT FOR PUBLICATION

FILED
FEB 14 2013
UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

In re                                              Case No. 11-16272-A-7

STEVEN MATTHEW GRIFFIN and
CINDY CHRISTINA RUSSELL

          Debtor.
_____/    Adv. No. 11-1218

CHRISTOPHER C. CARTER and
TERRI GRIFFIN

          Plaintiff,

    vs.

STEVEN MATTHEW GRIFFIN and
CINDY CHRISTINA RUSSELL, Debtors, and
JEFFERY M. VETTER, Chapter 7 Trustee

          Defendant.
_____/

**MEMORANDUM DECISION REGARDING SECTION 523(A)(5), (15) ACTION**

    This is an adversary proceeding brought by Terri L. Griffin and Christopher C. Carter, her family law attorney, to bar the discharge by Steven M. Griffin of attorneys fees of $21,000.00 awarded in a family law proceeding that predates the Chapter 7 bankruptcy. Terri L. Griffin proceeds under § 523(a)(5), (15); Christopher C. Carter proceedings under § 523(a)(5).

    At the parties' joint request this matter was tried on stipulated facts. At the hearing on

December 18, 2012, the parties stipulated that in ruling on the matter that the court should consider only four documents, and the attachments thereto: (1) Joint Statement of Mutually Agreed Upon Disputed and Undisputed Facts, August 31, 2012, ECF No. 62; (2) Request for Judicial Notice, September 15, 2012, ECF No. 64; (3) Request for Judicial Notice, October 26, 2012, ECF No. 68; and (4) Request for Judicial Notice, December 20, 2012, ECF No. 74.

The parties agree: (1) Terri Griffin is the former spouse of Steven M. Griffin; (2) as a part of marital dissolution proceeding Steven M. Griffin was order to pay Terri L. Griffin attorneys fees of $21,000; (3) the attorneys fees was upheld after an appeal by Steven M. Griffin; and (4) that the fee remain unpaid. The parties disagree: (1) whether the rights were assigned by Terri L. Griffin to Christopher C. Carter; (2) what the fees were for; and (3) whether the debt is non-dischargeable under 11 U.S.C. § 523(a)(5), (15).

Because the parties have very narrowly tailored the evidence to be reviewed the decision is an easy one. As to Christopher Carter, Terri Griffin's attorney, judgment will be entered for defendant Steven M. Griffin. The attorneys fees were awarded directly to Terri Griffin. *See,* Findings and Order After Hearing ¶8, April 3, 2008. Those fees were not awarded to Christopher C. Carter. *Id.* The narrow record before the court does not reflect any evidence that Terri L. Griffin assigned her rights to these fees. While it is true that the plaintiffs have alleged assignment, Second Amended Complaint ¶¶ 6, 30, these records were not a part of the stipulated record and, therefore, not considered. As a result, plaintiff Christopher C. Carter has not sustained his burden of proof.

As to Terri L. Griffin, judgment will be for the plaintiff and against Steven M. Griffin. Plaintiff Terri Griffin has pled causes of action under 11 U.S.C. § 523(a)(5), (15); *see also,* 11 U.S.C. § 101(14A). Between those two sections all--or virtually all--debts incurred to a spouse or former spouse as a part of a divorce or separation decree are nondischargeable. March, Ahart & Shapiro, *California Practice Guide: Bankruptcy,* Discharge and Dischargeability § 22:270 (Rutter Group 2012). As a consequence, the court need not decide whether the particular debt falls under § 523(a)(5) or § 523(a)(15). The court believes that only four exceptions to the rule exist: (1) debt to third parties, 11 U.S.C. § 523(a)(15) (limits relief to spouse, former spouse or

child); (2) non-domestic support family law obligations which are dischargeable in Chapter 13, 11 U.S.C. § 1328(a); (3) circumstances where there is no divorce of separation proceeding filed on the date of the petition, *In re Heilman,* 430 B.R. 213, 218 (B.A.P. 9th Cir. 2010); and (4) non-domestic support obligations for cases filed prior to October 17, 2005, 11 U.S.C. § 523(a)(15) (limited balancing of hardship defense). None of these exceptions are applicable in this Chapter 7 filed subsequent to the effective date of The Bankruptcy Abuse Prevention and Consumer Protection Act of 2005. As a consequence, the court need not answer the question as to the reason the family law court awarded attorneys fees.

Susan Hemb, attorney for the plaintiffs, will prepare and lodge a judgment consistent with the findings herein.

Dated: February 14, 2013

Fredrick E. Clement
United States Bankruptcy Judge

1 | service list for 11-1218

2 | Susan A. Hemb, Esq.
  | HEMB & HEMB
3 | 1530 E. Shaw Avenue, Suite 104
  | Fresno, CA 93710
4 |
  | Phillip W. Gillett, Esq.
5 | 1705 275h Street
  | Bakersfield, CA 93301-2807
6 |
  | Jeffrey Vetter
7 | Chapter 7 Trustee
  | P. O. Box 2424
8 | Bakersfield, CA 93303

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28